MARIA S. WATTERS *vs.* MORRIS M. BLATT.

Essex.    March 21, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Equitable Restrictions.*

In a suit in equity, begun in 1922, to enjoin infringement of an equitable
restriction requiring that a garage should not be erected nearer than five
feet to the division line of the defendant's land, findings by a master
showed that the restriction was violated by the defendant in 1920 and
that the plaintiff was not informed of that fact.   The master stated that
he was unable to find upon all the evidence that the defendant had sus-
tained the burden of showing that the plaintiff had waived any violation
of the restriction.   He also found that, if the defendant had not built
another garage and dwelling on the lot, in all probability the plaintiff
would not have proceeded against him on account of the erection of the
first garage.   A judge of the Superior Court ordered the bill dismissed
by reason of laches of the plaintiff.   *Held,* that the decree must be
reversed, no laches nor waiver by the plaintiff being shown; and that
a decree should be entered for the plaintiff.

The owner of land in a residential district conveyed a portion of it by a
deed, describing the land conveyed by metes and bounds, without
making any reference to a plan or to other lots, and containing equitable
restrictions as to the erection of structures " at a less distance than
five (5) feet from the division lines of any lot into which the premises
may hereafter be divided."   In negotiations preceding the conveyance,
there was discussion as to the nature and character of the restrictions
and as to the portraiture of a plan showing several lots.   The land
conveyed by the deed included several adjacent lots shown on the plan.
The grantee constructed buildings on the land conveyed in disregard
of interior divisions, shown on the plan, of the lots conveyed to him, but
not nearer than five feet from the outer bounds of the land so conveyed.
*Held,* that

(1) The deed was not ambiguous, and the negotiations preceding
the passing of title and the discussion of the nature and character of
the restrictions and of the portraiture of the plan could not enlarge nor
diminish the rights of the parties as set forth in the deed;

(2) The restrictions were applicable to the land described in the deed
as one parcel and not as separate lots, each with exterior division lines
dividing it from the adjacent lot;

(3) No violation of the restrictions above quoted was shown.

BILL IN EQUITY, filed in the Superior Court on May 2, 1922,
and afterward amended, seeking to enjoin alleged violations

by the defendant of equitable restrictions in deeds conveying to him certain land on Revere Beach Boulevard in Revere.

The suit was referred to a master. There was in evidence before the master a plan, the material portions of which were as shown below.

BOSTON, REVERE BEACH & LYNN RAILROAD.

REVERE BEACH BOULEVARD.

From the pleadings and findings by the master, it appeared that the plaintiff, who owned the premises shown above and also several other lots on the same plan, on March 15, 1916, conveyed the lots referred to in the master's report as lot 3574 and lot O to a Mrs. Morrell, who, on April 30, 1920, conveyed them to the defendant. In the deeds making these conveyances, the premises were described by metes and bounds on Revere Beach Boulevard, land of " Lancaster & Mills, trustees," and " other land of the grantor," and there was no reference to the plan or to other lots by number. The deeds contained the restrictions quoted in the opinion. At the time of the conveyance to the defendant by Mrs. Morrell, there was a dwelling house on the premises which is shown on the plan under the figure 3574. " Within a few days of the passing of the deed," work was begun on the

garage shown on the plan as partly on lot O and partly on lot N, and it was completed within two weeks thereafter.

One Raddin, the plaintiff's nephew, who afterwards negotiated with the defendant on her behalf as to a purchase of further lots, knew of the building of the garage and as to its location, but he never communicated that information to the plaintiff and never received any instructions from her with regard to it. The plaintiff made no complaint with regard thereto until April 17, 1922, when an attorney wrote to the defendant a letter reading as follows: — " Dear Sir: — William A. Raddin has consulted me in reference to your violation of the restrictions imposed by the deed to you on land on Revere Beach Boulevard. He informs me that you have violated the restriction in reference to building within five feet of division line, in so far as you have constructed a garage which runs into two lots. Our instructions are to commence proceedings at once to compel the obedience to these restrictions, unless you arrange your premises to conform therewith. Please let me hear from you or your attorneys in reference to this matter without delay and oblige, Yours truly, Richard L. Sisk, for Sisk Brothers."

The master found in part as follows: " The plaintiff did not testify, and I am unable to find upon all the evidence that the defendant has sustained the burden of showing that the plaintiff waived any violation of the restrictions in so far as the location of this garage is concerned, but I also find, if material, that if the defendant had not built another garage and dwelling in the manner hereinafter set forth, that in all probability the plaintiff would not have proceeded against him on account of the erection of the old garage. . . . I find that Raddin was not acting as a general agent of the plaintiff, but was her special agent, having only such authority as she entrusted to him when under the then existing circumstances. I therefore find that his knowledge that the old garage was being erected at a distance of less than five feet from the lot lines was beyond the scope of his authority and such knowledge should not be imputed to the plaintiff. However, if my finding is wrong in this respect upon the above facts which were all the facts introduced in evidence,

and it should be ruled that such knowledge on his part should be charged to the plaintiff, then I find that neither the plaintiff nor the said Raddin did anything that would warrant the defendant in believing that they permitted or assented to a violation of the said restriction, or that the defendant was misled by any conduct on the part of either. The only fact that gave any assurance to the defendant was the fact that Raddin did not object until April 17, 1922, nearly a year and eight months after this building was completed."

On August 3, 1920, the plaintiff conveyed to the defendant the land referred to by the master as lots M and N and lots 2976 and 2929. The deeds contained the same restrictions as did the previous deeds to Mrs. Morrell and by her to the defendant, and all descriptions were by metes and bounds and upon other land of the grantee, upon Revere Beach Boulevard, and upon land of the Boston, Revere Beach and Lynn Railroad Company, and there was no reference to the plan or to any lot. The dwelling house shown on lots with the figures 2929 and 2976, called the " new dwelling house " in the opinion, was built late in 1921, and the garage on lot N, called the " new garage," in 1922.

The master also found, " There was no evidence introduced before me in reference to whether or not the two garages could be moved, and if so, what would be the cost. I, therefore, am unable to make any findings in reference to these two specific subjects."

Other material facts are described in the opinion. The suit was heard by *Dubuque,* J., upon the master's report, all exceptions being waived. The judge ruled, in substance, as follows:

" The main contention between the parties seems to relate to the question of erecting a dwelling house or other structure within five feet of the interior or exterior division lines of the lots on a plan. The burden is on the one who claims the easement or restriction to show that the language of the grant covers his claim. Nothing can be left to implication. . . .

" At the argument it was agreed that the deeds conveying the several lots to the plaintiff did not refer to the plan of the several lots into which the plaintiff divided her tract

of land for improvement; although the plan was actually used and referred to when the deed was drawn and the defendant was informed as to the building restrictions.

. " The language to be construed and applied here is that contained on page 5 of the typewritten master's report, and is as follows: ' Nor shall any building of whatever description be placed at a less distance than five (5) feet from the division lines of any lot into which the premises may hereafter be divided.' Looking to the purpose for which the restriction was created, namely: light and air, and possible space for enjoyment and access to the rear of the premises, it seems to me that when several lots are conveyed to one grantee the unity of ownership does away with the interior division lines unless he keeps and treats the lots separately. The language is ambiguous as to the ' division lines of any lot into which the premises may hereafter be divided.' One may ask: Divided by whom, the grantor or grantee? If by the latter, unquestionably the exterior division lines would be meant, as that would be his interest, unless he acted otherwise. If by the grantor, why did not the language say so? When there is ambiguity, the language is taken more strongly against the grantor who framed the restriction. See Braley, J., in *Prest* v. *Ross*, 245 Mass. 342, 344, wherein he says: ' We find nothing in the restrictions forbidding a purchaser of two lots from building one dwelling thereon.'

" As to the garages on each lot, the garage in question was on two lots made into one by unity of ownership; besides the plaintiff, although cognizant of it, did not object from August 3, 1920, to October 17, 1921, over one year and two months thereafter; that would be an unreasonable length of time which would be laches that would bar relief.

" The great and disproportionate expense to be incurred in removing the structures in question would prevent the exercise of sound judicial discretion to grant mandatory relief in the case by way of injunction; and no damages have been shown."

By order of the judge, a final decree was entered dismissing the bill without costs. The plaintiff appealed.

*R. L. Sisk,* for the plaintiff.

*M. J. Mulkern,* for the defendant.

BRALEY, J.  The evidence not having been reported, the master's findings of fact are conclusive, and the only question on the plaintiff's appeal is, whether on the pleadings and the report, to which no exceptions appear to have been taken, the decree dismissing the bill should be reversed.

It is alleged in the bill and admitted in the answer, that the plaintiff was the owner of a large tract of land in Revere laid out into house lots as shown by a plan referred to in the report.  The defendant on April 30, 1920, by mesne conveyances acquired title to one parcel designated on the plan as lot O and on August 3, 1920, the plaintiff also conveyed to him lots M and N.  But the deeds describe the parcels by metes and bounds, without reference to the plan, or to any numbers or descriptive letters.  See *Lipsky* v. *Heller,* 199 Mass. 310, 315.  The deeds, however, after the granting clause recite:  " This conveyance is made subject to the restrictions, covenants and agreements contained in an indenture between the Commonwealth of Massachusetts and Hiram A. Raddin et als bearing date February 2, 1898, and recorded with Suffolk Deeds, Book 2514, Page 468; and also to the following restrictions which shall continue in force until January 1, 1935, unless sooner terminated as hereinafter provided: — (1) No intoxicating liquors shall be made or sold upon the premises.  (2) No buildings other than dwelling houses each to be used by two private families, and not more than one private stable, or not more than one automobile house to be used in connection with each dwelling house shall be erected or placed upon the above described premises.  (3) No one family dwelling house which shall cost less than five thousand dollars ($5000) nor private stable costing less than one thousand dollars ($1000) nor automobile house costing less than five hundred dollars ($500) nor two family dwelling house which shall cost less than eight thousand dollars ($8000). shall be erected or placed upon the premises.  (4) No dwelling house shall be erected or placed upon said premises, or any portion thereof, any part of which shall be at a less distance than ten (10) feet from any street or avenue upon which the premises or any

portions thereof are now or may hereafter be bounded and no stable or automobile house shall be erected or placed upon the premises or any portion thereof, at a less distance than fifty (50) feet from any street or avenue upon which the premises, or any portion thereof are now or may hereafter be bounded; nor shall any building of whatever description be placed at a less distance than five (5) feet from the division lines of any lot into which the premises may hereafter be divided. (5) No fence shall be placed on the side or sides of the premises bounding any street or avenue now or hereafter to be constructed, and no fence shall be erected on any part of said premises which is over four (4) feet in height. (6) The grantor reserves the right to terminate these restrictions except those imposed by the Commonwealth of Massachusetts, in whole or in part at any time, or any restrictions which may have been placed upon the other land of this grantor on said Revere Beach Boulevard or adjacent thereto. The grantee agrees for himself and his heirs and assigns to keep all buildings which may now or hereafter be erected upon the granted premises painted and in good repair at all times; and also to keep the premises free from refuse and rubbish of all description at all times. The grantee further agrees for himself and his heirs and assigns that he will not make any subdivision of the premises hereby conveyed into a lot or lots having a frontage of less than forty-nine and 94/100 (49.94) feet on the aforesaid boulevard. Said premises are also conveyed subject to all the rights and easements acquired in said premises by the City of Revere under a taking, by virtue of Chapter 303 of the Acts and Resolves of 1917, recorded with Suffolk Deeds, Book 4065, Page 433."

The restrictions were valid, and can be enforced by the plaintiff, who, when the deeds were delivered and the bill was filed, owned land adjoining the lands conveyed. *Sanborn* v. *Rice*, 129 Mass. 387, 396, 397.

At the date of the first purchase by the defendant, there was a dwelling house on the premises referred to in the report as the " Morrell house," but the land acquired by the second purchase was unimproved. The defendant shortly after April 30, 1920, began the erection of a garage which was in-

tended for use by him in connection with the Morrell house, which he occupied. This garage is described in the report as the " old garage." The master having found that it was maintained for the private use of the defendant as incidental to his occupation of the house, the only question is, whether its location was in violation of any of the restrictions. It is found, that the northwest corner of the building is one and one half feet from the northerly boundary of lot O and projects over the division line between lots O and N as shown on the plan, being ten feet on lot O and fifteen feet on lot N. The garage accordingly was erected in violation of restriction four, which, among other conditions, provides that no building of any description " shall be placed at a less distance than five (5) feet from the division lines of any lot into which the premises may hereafter be divided."

The plaintiff not having made any complaint until April 17, 1922, nearly two years after the garage had been built, the defendant contends that the violation was waived. But waiver was a question of fact, and, the master having stated that upon all the evidence he is unable to find that the defendant has made out this defence, we are unable to concur with the trial court that the plaintiff, although cognizant of the presence of the garage, did not object thereto from August 3, 1920, to October 17, 1921, which was an unreasonable length of time, whereby relief was barred.

The plaintiff's further contentions are that the dwelling house and the garage therewith built by the defendant on the two lots under the second purchase, described in the report as the " new dwelling house " and the " new garage," were erected, and are maintained, in violation of the restrictions. It is found that the new dwelling house is built over the division line between lots 2929 and 2976 as shown by the plan, with a set back of ten feet from the westerly side line of the Boulevard, and that the rear of the house is about one foot distant from the division lines of lots 2929 and 2976. The master reports that the house is not a dwelling for three families as the plaintiff apparently contended, but is constructed as a dwelling for two families, and that in cost, style of construction, and structural arrangements, it is in

conformity with restrictions two and three. The plaintiff however contends, that the location of the house is in violation of restriction four. While the plan showed two lots numbered 2976 and 2929, the description in the plaintiff's deed to the defendant as we have said is of one tract which includes both lots. The plaintiff is bound by the terms of her conveyance voluntarily made. *Abbott* v. *Frazier*, 240 Mass. 586. The preliminary negotiations before title passed, the discussion of the nature and character of the restrictions, and of the portraiture of the plan, cannot enlarge nor diminish the rights of the parties which are to be ascertained from an unambiguous instrument. *Sprague* v. *Kimball*, 213 Mass. 381. The purchase of these lots as described in the deed constituted an indivisible estate which the defendant could occupy and develop subject to the restrictions applicable to his title to two lots as one parcel, and not two separate lots with exterior division lines. *Beekman* v. *Schirmer*, 239 Mass. 265. *Prest* v. *Ross*, 245 Mass. 342. And the building and maintenance of the new dwelling house did not violate the restrictions.

The new garage also is built wholly on lot N, the defendant's land. According to the master's report, the southwest corner is three and one tenth feet instead of five feet from the division line between lots M and N as shown on the plan, and the southeast corner is four and six tenths feet from the division line between lots M and N, while the northerly line of the garage is more than five feet from the southerly lot line of lot O as shown on the plan. It thus appears for reasons previously stated, that, if the division lines between lots M and N are to be disregarded for reasons just stated as to the new dwelling house, the garage being more than five feet from the southerly lot line of lot O is not within the restrictions.

It follows that the bill can be maintained as to the old garage. The decree must be reversed. The case is to stand for further proceedings in the trial court not inconsistent with this opinion.

*Ordered accordingly.*