MARRICK *v.* FURNARI.

COVENANTS—BUILDING RESTRICTIONS—VIOLATION OF LOT LINE RE-
STRICTION.

> In a suit to restrain the erection of a 25-apartment build-
> ing in a district restricted to residence purposes, where
> it appears that the proposed building would be built on
> two lots covering completely the lot lines between them,
> which is in violation of the restriction, plaintiffs are en-
> titled to a decree.[1]

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted October 9, 1925.    (Docket No. 46.)    De-
cided December 22, 1925.    Rehearing denied April 30,
1926.

Bill by Louis Marrick and others against Joseph
Furnari and another to restrain the violation of build-
ing restrictions.    From a decree dismissing the bill,
plaintiffs appeal.    Reversed, and decree entered for
plaintiffs.

*Harold F. Coyle* (*George W. Moore,* of counsel),
for plaintiffs.

*Groesbeck, Sempliner, Kelly & Baillie* and *Rhodes,
Garvett & Frankell* (*A. C. Stellwagen* and *Frank D.
Eaman,* of counsel), for defendants.

MOORE, J.    Plaintiffs filed their bill of complaint
to restrain defendant from erecting a 25-apartment
building in the Linwood Heights subdivision in the
city of Detroit.    The bill of complaint was dismissed
and the case is brought into this court by appeal.

Linwood Heights subdivision is bounded on the east
by Linwood avenue, and on the west by Dexter boule-
vard.    The first street west of Linwood avenue is

---

[1]Deeds, 18 C. J. §§ 451, 463.
As to what part of structure must be beyond line to constitute
a violation of a building restriction, see note in 52 L. R. A.
(N. S.) 1044.

Lawton avenue, and next west is Wildmere avenue and next west is Dexter boulevard.    The subdivision is bounded on the north by Gray avenue, south of which and running parallel to it is first, Highland avenue, then Cortland avenue, then Richton avenue, then Monterey avenue, and then Elmhurst avenue. There are 124 lots fronting on Cortland avenue, and all of them but 10 are 35 feet frontage.    There are 3 lots running parallel to Lawton avenue, that are more than 54 feet wide.

There is a stipulation filed which reads in part as follows:

"The defendant, Joseph Furnari, is the owner of lots 589 and 590 in said subdivision, the said lots being located on the northeast corner of Cortland and Wildmere avenues, and have a frontage of 80.62 feet on Cortland avenue.

"The defendant proposes to erect on said lots a 3-story 25-apartment building at a cost of approximately $130,000.

"The building proposed to be erected on lots 589 and 590 will be 74½ feet in width and 90½ feet in depth and will face Cortland avenue.    The west wall of the building will be located two feet east of the west lot line.    *    *    *

"It is further stipulated and agreed that on Cortland avenue, between Dexter boulevard and Linwood avenue, there are only erected two-family flats, duplexes and single homes; that about three-fourths of the lots are so built upon and the remaining fourth are vacant.

"The two-family flats erected on Cortland avenue are valued at from $22,000 to $24,000, and the single homes from $14,000 to $16,000."

The building restrictions that are germane to this litigation read:

"All of the lots in said subdivision located upon Cortland avenue, including the lots owned by said plaintiffs and said defendants, are restricted as follows: to wit:

"This conveyance is made subject to the following restrictions:    All lots, excepting those lots fronting on

Linwood avenue, shall be used solely for residence purposes. No single dwelling shall be erected on any of said lots, the cost of construction of which shall be less than $3,500.

"No building shall be erected nearer than 30 feet to the front line of said lot.

"Building lines: Any building erected on any lot fronting on the north side of the street shall be located not nearer than four feet to the east line thereof, nor nearer than two feet to the west line thereof. Any building erected on any lot fronting on the south side of the street shall be located not nearer than two feet to the east line thereof, nor nearer than four feet to the west line thereof. Any building erected on any lot fronting on the west side of the street shall be located not nearer than two feet to the south line thereof, nor nearer than four feet to the north line thereof.

"No two-family flats or duplexes, socalled, the cost of construction of which shall be less than $5,500, shall be erected on any of said lots; nor any four-family flat or apartment house, the cost of construction of which shall be less than $8,000. No four-family flat or apartment house shall be erected on a 'site' less than 52½ feet in width, the word 'site' herein contained, for the purpose of ascertaining the building lines hereinbefore mentioned shall be considered the same as the word 'lot.' * * *

"Linwood avenue: All lots fronting on Linwood avenue are hereby expressly excepted from all of the foregoing restrictions; no frame building shall be erected on any lot fronting on Linwood avenue, however, nor any other building less than two stories in height, nor the cost of construction of which shall be less than $5,000.

"No building site on Dexter boulevard shall be less than 40 feet in width and restrictions relative to building lines shall refer to a site of 40 feet or more front and not to lots as platted."

We quote from the brief of appellees' counsel:

"There is not one word in the restriction which confines any apartment house to a single lot. In fact the express terms of the restriction require the use

of more than one lot (except as to the four lots more than 52½ feet in width) and provide exactly that when such site is used, the side line restrictions shall apply to the site used instead of lot as platted."

It is their claim that they may build an apartment house of any size anywhere on Cortland avenue, if they use a site more than 52½ feet wide, and in case the building is on the north side of the street and the building is not nearer than 4 feet to the east line, and not nearer than 2 feet to the west line thereof. Counsel cite in support of their contention *Casterton* v. *Plotkin,* 188 Mich. 333; *De Galan* v. *Barak,* 223 Mich. 378, and other authorities.

We think the following language is significant:

"Building lines: Any building erected on any lot fronting on the north side of the street shall be located not nearer than four feet to the east line thereof, nor nearer than two feet to the west line thereof. Any building erected on any lot fronting on the south side of the street shall be located not nearer than two feet to the east line thereof, nor nearer than four feet to the west line thereof. Any building erected on any lot fronting on the west side of the street shall be located not nearer than two feet to the south line thereof, nor nearer than four feet to the north line thereof."

The photographs show that fine residences have been built on a large proportion of the lots, and that the lot line limitations have been observed. It is difficult to see how any building can be built upon any lot on the north side of the street and be located not nearer than 4 feet to the east line thereof, nor nearer than 2 feet to the west line thereof if the building can cover completely either the one or the other or both lines of the lot lines. A reading of the building limitations demonstrates that what defendant proposes to do is a clear violation of the lot line limitation, and if he may do what he proposes, some other man

may cover the entire block except the west two feet and the east four feet with an apartment. Such construction would render the lot line limitations nugatory. See Berry on Restrictions, § 39; *Library Neighborhood Ass'n* v. *Goosen*, 229 Mich. 89; *Killian* v. *Goodman*, 229 Mich. 397; *French* v. *White Star Refining Co.*, 229 Mich. 474; *Tabern* v. *Gates*, 231 Mich. 581.

The decree of the court below is reversed and one may be entered here in accordance with this opinion, with costs to the appellants.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.