### GOLDSTICK *v.* THOMAS.

Covenants—Building Restrictions—Apartment Building — Injunction.

> The erection of a 23-family apartment building on a site 80.62 feet wide in a subdivision restricted to residential purposes may not be enjoined on the ground that the erection of apartment houses is prohibited, where the restrictions plainly permit the erection of apartment houses such as the one proposed if the builder has a site not less than 52½ feet wide.

Appeal from Wayne; Miller (Guy A.), J.    Submitted October 20, 1926.    (Docket No. 86.)    Decided January 3, 1927.    Rehearing denied April 1, 1927.

Bill by Hilliard W. Goldstick and another against Edward W. Thomas and others to restrain the violation of building restrictions.    From a decree for plaintiffs, defendants appeal.    Reversed, and bill dismissed.

*Morse & Goldstick* (*Maurice Sugar,* of counsel), for plaintiffs.

*William Henry Gallagher,* for defendants.

---

Deeds, 18 C. J. § 452.

CLARK, J. Defendants own lots 608 and 609 in Linwood Heights subdivision at the corner of Cortland and Lawton avenues, Detroit. Plaintiffs own an adjoining lot on Cortland. The lots in the subdivision, with very few exceptions, are 35 feet wide. The restrictions imposed on the lots, and to which those of the parties are subject, are, quoting in part:

"All lots, excepting those lots fronting on Linwood avenue, shall be used solely for residence purposes. No single dwelling shall be erected on any of said lots, the cost of construction of which shall be less than $3,500.

"No building shall be erected nearer than 30 feet to the front line of said lot.

"2. Building lines: Any building erected on any lot fronting on the north side of the street shall be located not nearer than four feet to the east line thereof, nor nearer than two feet to the west line thereof. Any building erected on any lot fronting on the south side of the street shall be located not nearer than four feet to the west line thereof. Any building erected on any lot fronting on the west side of the street shall be located not nearer than two feet to the south line thereof, nor nearer than four feet to the north line thereof.

"3. No two-family flats or duplexes, so-called, the cost of construction of which shall be less than $5,500 shall be erected on any of said lots; nor any four-family flat or apartment house, the cost of construction of which shall be less than $8,000. No four-family flat or apartment house shall be erected on a 'site' less than 52½ feet in width, the word 'site' herein contained, for the purpose of ascertaining the building lines hereinbefore mentioned shall be considered the same as the word 'lot.'

"4. The grade line of all buildings shall be 20 inches above the street sidewalk level."

There are no lots 52½ feet in width. A very few are wider. Defendants' lots on Cortland are 35 feet and 45.62 feet wide, respectively, a total frontage of 80.62 feet. They began the construction of an apartment house, alleged to have been designed for 23

apartments, and were enjoined at the instance of plaintiffs.    The contention is that defendants, because of the restrictions, may not erect an apartment house. On the theory of ambiguity of the language of the restriction, evidence of practical construction and of the intent and purpose of the subdivider was adduced. At the conclusion of proof the trial judge indicated that the restraining order would be dissolved, and, we infer, it was his opinion that the bill should be dismissed. He was right.    But, unfortunately, the opinion in *Marrick* v. *Furnari*, 233 Mich. 146, was delivered on December 22, 1925, which, a like case, related to the same restrictions on lots in this subdivision on the same street.    Following such decision, the trial judge, properly, decreed to plaintiffs the relief prayed.    Defendants have appealed.    This court on its own motion, after hearing in the case at bar, granted a rehearing in the *Marrick Case*.    The decision in that case was due, it seems, to misapprehension of the facts.    The opinion, on rehearing, appears *post,* 239.

The restrictions plainly permit the building of the apartment house proposed in the case at bar for residence purposes only, provided the builder has a site not less than 52½ feet wide, and provided he observes the lot lines, building lines, and grade lines—the plain terms of the restrictions.    As defendants have a site of more than 52½ feet in width, they may build their proposed apartment house, provided they observe the restrictions in all respects.    This case may be determined on the language of restrictions.    If, too, resort were had to the extraneous evidence, the result would not be changed.

The decree is reversed and the bill is dismissed, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, and MCDONALD, JJ., concurred.

Justice FELLOWS took no part in this decision.