KALISCH v. SAPPERSTEIN.

COVENANTS—BUILDING RESTRICTIONS — APARTMENT HOUSES—SIZE
OF SITE.
The erection of a multiple apartment house of 31 apart-
ments on two lots which make a site not less than 52½
feet wide does not violate a restriction limiting use of
lots to residence purposes only and prohibiting the erection
of apartment houses on sites less than 52½ feet wide.

Appeal from Wayne; Gilbert (Parm C.), J., pre-
siding. Submitted January 28, 1927. (Docket No.
31.) Decided April 1, 1927.

Bill by Joseph A. Kalisch and others against Sol
Sapperstein to restrain the violation of building re-
strictions. From a decree for plaintiffs, defendant
appeals. Reversed, and bill dismissed.

*Morse & Goldstick,* for plaintiffs.

*Fixel & Fixel,* for defendant.

WIEST, J. This is an appeal from a decree restrain-
ing defendant from erecting a "multiple apartment
house of 31 apartments" at the southwest corner of
Linwood and Monterey avenues, on lots 274 and 275
of Gilmartin & Gray's section of the Linwood Heights
subdivision of part of quarter sections 13 and 28,
10,000-acre tract, in the city of Detroit. The circuit
judge decreed such an apartment house would violate
the following restrictions imposed upon lots in the
subdivision:

"The said lots, excepting those fronting on Dexter
boulevard and Linwood avenue A. (shall be used
_____
Deeds, 18 C. J. §§ 451 (Anno), 452.

solely for residence purposes). B. (No single dwelling) shall be erected on any of said lots, the cost of construction of which (shall be less than $3,500). C. (No building shall be erected nearer than 30 feet to the street line) of said lot. * * * No more than D. (one barn, shed, stable or garage shall be built or maintained as appurtenant to each building) nor shall any such structure be erected except on the rear portion of the premises and simultaneous with or after the completion of the residence or dwelling house built upon the front of the lot, nor shall any such shed or barn or appurtenant structure be used as a dwelling. E. (No billboards) or advertising signs shall be erected or maintained on the premises, except 'For Sale' or 'To Rent' signs. F. (No two-family flats or duplexes, so-called, the cost of construction of which shall be less than $4,500, shall be erected on any of said lots; G. (nor any four-family flat or apartment house, the cost of construction of which shall be less than $8,000). H. (No four-family flat or apartment house shall be erected on a 'site' less than 52½ feet in width). The word 'site' herein contained, for the purpose of ascertaining the building lines hereinbefore mentioned, shall be considered the same as the word 'lot.' I. The (grade line of all buildings shall be ten inches above the street sidewalk level). J. (All lots fronting on Dexter boulevard and Linwood avenue are hereby expressly excepted) from all of the foregoing restrictions. K. (No frame building shall be erected on any lot fronting on Dexter boulevard and Linwood avenue.)"

The learned trial judge evidently relied on the holding in *Marick* v. *Furnari,* 233 Mich. 146. Upon rehearing the opinion in that case was overruled (237 Mich. 239). That case has also been overruled in *Goldstick* v. *Thomas,* 237 Mich. 236. The latter case involved building restrictions in another subdivision like those in the suit at bar, except as to side line restrictions. The case at bar is ruled by the *Goldstick Case.* Defendant is proceeding within his rights in erecting the apartment house, and the decree is reversed and the bill dismissed.

Plaintiffs contend that, under the circumstances, no costs should be awarded either party. We think defendant is entitled to costs, and the decree dismissing the bill will so provide.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.