[No. 39861. Department One. February 27, 1969.]

RICHARD K. WELD et al., Appellants, v. E. J. BJORK et al., Respondents.*

James Munro, for appellants.

Curtis H. Coons, for respondents.

WEAVER, J.—Plaintiffs appeal from a judgment of dismissal entered upon defendants' motion made at the conclusion of plaintiffs' evidence.

The nine plaintiffs, in their individual rights, are the owners of nine lots in Sheridan Park, First Addition to the city of Bremerton. E. J. Bjork and his wife are the owners of three contiguous lots in the same addition.

An instrument designated "Protective Covenants," dated October 7, 1948, was filed for record December 14; 1948, by the owners of the addition. The covenants apply to the real property owned by all parties.

The only portion of the instrument involved in this action is:

*Reported in 451 P.2d 675.

B. No structure shall be erected, altered, or placed on any residential building plot after the date of this instrument nearer to the front lot line or nearer to the side street line than the structures presently located upon said plots; *nor nearer to the side lot line than six feet,* except for garages located back of rear dwelling wall. (Italics ours.)

It is alleged, and the court found, that defendants have placed three apartment buildings upon their three lots. In response to questions, appellants' counsel stated in oral argument before this court, that the buildings are one-story, and that this appeal involves only the question of defendants' alleged breach of the quoted restrictive covenant because the buildings are erected across side *lot* lines which became *interior* lines of the *plot* owned by defendants.

We affirm the judgment of dismissal. Under the rule of law we deem applicable to an interpretation of the quoted covenant, plaintiffs failed to establish a breach of the covenant.

It is well settled in this jurisdiction that words in a deed of conveyance or any instrument restricting the use of real property by the grantee are to be construed strictly against the grantor and those claiming the benefits of the restrictions. Restrictive covenants upon the use of real property will not be extended beyond the clear meaning of the language used. *Jones v. Williams,* 56 Wash. 588, 106 Pac. 166 (1910); *Hunter Tract Imp. Co. v. Corporation of Catholic Bishop of Nisqually,* 98 Wash. 112, 167 Pac. 100 (1917); *Miller v. American Unitarian Ass'n,* 100 Wash. 555, 171 Pac. 520 (1918).

An examination of the plat of the addition discloses that because of winding streets, the lots are of irregular size and shape. Few, except corner lots, have a width of more than 80 feet. If the covenant is to be interpreted as plaintiffs contend, no person could purchase two or more contiguous lots and construct a large residence in the middle. He would be restricted, if the lot be 50 feet in width, to building a residence not over 38 feet in width.

If this be the intention of the owner establishing the restrictive covenant, it is difficult to understand why such

an intention was not made plain by the use of terms having recognized meanings. It would have been simple to state that each lot may have only one residential building placed so that it complies with the sideline requirements of each lot as platted, and that one house could not be constructed upon two or more lots owned by the same person. The covenant does not do this.

We find the applicable rule, supported by authority, succinctly stated in 20 Am. Jur. 2d *Covenants* § 239, p. 807:

> Where an owner has acquired a plot comprising more than one contiguous lot and seeks to build in such a manner as to overlap what would be the side lines if the lots were owned separately, a side-line restriction is applicable only to the outside lines of the plot, regardless of how many lots it includes.

The rationale of the following decisions supports the rule that sideline building restrictions apply only to the outside lines of a plot under one ownership regardless of how many platted lots it includes: *Watters v. Blatt,* 249 Mass. 340, 144 N.E. 106 (1924) (house built across interior dividing line of two lots owned by one person); *Goldstick v. Thomas,* 237 Mich. 236, 211 N.W. 666 (1927) (apartment house built across interior dividing line of two lots owned by one person); *Marrick v. Furnari,* 233 Mich. 146, 206 N.W. 505 (1925) (reversed in *Marrick v. Furnari,* 237 Mich. 239, 211 N.W. 667 (1927), on authority of *Goldstick v. Thomas, supra);* *Scott v. Board of Missions,* 252 N.C. 443, 114 S.E. 74 (1960) (sideline restrictions applicable only to exterior boundaries of tract when contiguous lots are owned by same person); *Shaffer v. Temple Beth Emeth,* 198 App. Div. 607, 190 N.Y.S. 841 (1921) (sideline restrictions do not prohibit erection of one building on two adjoining lots after acquisition by same owner); *Busch v. Johnston,* 107 Fla. 631, 145 So. 872 (1933); *Struck v. Kohler,* 187 Ky. 517, 219 S.W. 435 (1920); See Annotation: 36 A.L.R.2d 871 (1954), by W. J. Dunn.

The judgment of dismissal is affirmed.

HUNTER, C. J., FINLEY and HAMILTON, JJ., and ARMSTRONG, J. Pro Tem., concur.