547 A.2d 1214
**Donald W. COVEY and Joan M. Covey, Appellants,**

**v.**

**Wayne L. GROSS and Noreen W. Gross, Appellees.**

Superior Court of Pennsylvania.

Argued June 14, 1988.

Filed Sept. 14, 1988.

Bryan C. Black, York, for appellants.

Michael W. Flannelly, York, for appellees.

Before CIRILLO, President Judge, and WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

This appeal requires that we interpret a building and use restriction which prohibits the erection of a private garage on a lot unless a dwelling house shall first have been erected thereon. Where two contiguous lots are owned by the same persons and form a single tract, may the dwelling house be erected on one lot and the garage on the other lot? The trial court held that such an arrangement did not violate the restriction and refused to enjoin construction of the garage. We affirm.

Donald Covey and Joan Covey, husband and wife, are the owners of a lot containing 18,000 square feet at 4540 Davidsburg Road, Dover Township, York County. They acquired title by deed dated April 30, 1966 from Frank P. Myers and his wife. Wayne Gross and Noreen Gross, husband and wife, are the owners of adjoining land at 4550 Davidsburg Road. This land consists of two lots and contains a total of 23,625 square feet. One of these lots, containing 18,000 square feet, had been purchased by

Wayne Gross from Frank P. Myers and his wife on April 13, 1966. The other lot, being irregular in shape and containing only 5,625 square feet, had been purchased by Noreen Gross from Myers and his wife on November 15, 1972. Both lots were subsequently conveyed to Wayne and Noreen Gross, husband and wife, as tenants by the entireties.

All three of the foregoing lots are burdened by the following building and use restriction:

> The land herein conveyed shall be used for private residence purposes only and no building of any kind shall be erected thereon except private dwelling houses, each designed for occupancy by a single family and private garages for the sole uses of the respective owners or occupants of the lot upon which such garages are erected; provided further, that no such private garages shall be erected on any lot unless a dwelling house shall be first erected upon the lot, or shall have been erected simultaneously with the erection of such garage, nor shall any building be erected or constructed of cinder block or cement block unless such cinder block or cement block shall be faced with other material so that none of the said block is exposed in the exterior walls.

A dwelling house is situated on the larger of the two lots owned by Wayne and Noreen Gross. On May 9, 1987, they began to construct a garage on the irregularly shaped lot for use in connection with the dwelling house. Donald and Joan Covey immediately filed, on May 19, 1987, an action to enjoin construction of the garage, contending that it would violate the restriction which prohibited a private garage on a lot which did not contain a dwelling house.[1] The defendants denied that they were in violation of the restriction, contending that although they had purchased two lots, these lots were now one lot on which they could consistently with the restriction erect a dwelling house and detached garage. The trial court, after hearing, denied relief and

1. The trial court granted an ex parte restraining order which it vacated after hearing.

dismissed the complaint.[2] Post-trial motions were denied, and this appeal followed by the Coveys.

■ "Although convenants restricting the use of property are legally enforceable, the free right to use property in any way the owner desires has been said to be inherent in the ownership of land, and such restrictions on the use of land are not favored by the law because they are an interference with the owner's free and full enjoyment of his property." 10 P.L.E. Covenants § 13. Therefore, restrictive covenants are to be strictly construed against persons seeking to enforce them or claiming the benefits thereof and in favor of the free and unrestricted use of the property; all doubts and ambiguities in the language of the covenant are to be resolved in favor of the property owner. *Schulman v. Serrill*, 432 Pa. 206, 211, 246 A.2d 643, 646 (1968); *Mishkin v. Temple Beth El of Lancaster*, 429 Pa. 73, 77, 239 A.2d 800, 803 (1968); *Young v. Cerone*, 338 Pa.Super. 280, 285, 487 A.2d 965, 968 (1985).

■ The parties have called our attention to no appellate court decisions, and our research has disclosed none, which are determinative of the issue raised in this appeal. We observe, however, that the decisions in other states uniformly hold that "[w]here an owner has acquired a plot comprising more than one contiguous lot and seeks to build in such a manner as to overlap what would be the side lines if the lots were owned separately, a side-line restriction is applicable only to the outside lines of the plot, regardless of how many lots it includes." 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 239. See: *Watters v. Blatt*, 249

2. Appellants contend that the trial court abused its discretion by dismissing their complaint following hearing on a request for a preliminary injunction. Although this is technically correct, the parties are agreed that the issue in dispute was one of law and that there were no additional facts to be considered by the court. In order to resolve the procedural irregularities in this matter, an earlier appeal was remanded, by agreement of the parties, to the trial court so that the appellants could file post-trial motions and the trial court could decide finally the issues raised therein. Following the denial of these post-trial motions, a final decree was entered, which is the subject of the instant appeal.

Mass. 340, 144 N.E. 106 (1924); *Goldstick v. Thomas*, 237 Mich. 236, 211 N.W. 666 (1927); *Scott v. Board of Missions North Carolina Annual Conference*, 252 N.C. 443, 114 S.E.2d 74 (1960); *Weld v. Bjork*, 75 Wash.2d 410, 451 P.2d 675 (1969); Annotation, Building Side Line Restrictive Covenants, 36 A.L.R.2d 861, 871, § 10(a). Similarly in the instant case, we will treat the two contiguous lots as a single lot for purposes of applying the restriction permitting private garages only on lots where a dwelling house has first been erected.

■ The restriction imposed upon each lot by the common grantor was obviously intended to preserve the residential character of the neighborhood by requiring single family residences and permitting garages only in connection with such residences. This intent is neither violated nor impaired by the facts of the instant case in which appellees propose to use two contiguous lots for a single family residence and an unattached garage, connected by a driveway. As the trial court observed, "This . . . will not affect the purpose behind the restrictive covenant[ ] which was to limit the use of the lots in question for residential purposes, nor will it place any particular burden on the plaintiff. The only effect is that defendant's house and garage are on a lot which is bigger in size tha[n] it would have been had the defendant put his house and garage both on his original lot."

Our decision does not mean that if, in the future, the land owned by appellees should be subdivided, the garage can then be maintained on a lot without a dwelling house. We hold only that the facts established in this case do not constitute a violation of the restriction. We do not thereby remove from the land the restriction which the common grantor imposed. That restriction continues to be applicable to the land and the future uses to which it may be put.

The trial court did not err when it denied appellants' requested relief and dismissed their complaint.

AFFIRMED.