## Struck v. Kohler, et al.

(Decided March 19, 1920.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Deeds—Buildings—Restriction—Residence—Apartment House.—A restriction in deeds "that not more than one building other than outhouses shall be erected upon either one of said lots and that any improvements which may be erected upon said lots or either of them shall be used for residence purposes only" does not prohibit the erection on the lot or lots of an apartment house for residence purposes of six or more stories and containing forty or more apartments.

2. Deeds—Buildings—Restriction—Residence—Apartment House.— Where two lots were conveyed by separate deeds, each deed containing the restriction set out in the above paragraph, this restriction would not prohibit the purchaser of the two lots from erecting an apartment house to be used for residence purposes that would cover both of the lots and part of an adjoining lot conveyed by deed that contained a like restriction.

3. Deeds—Buildings—Restriction to One Residence Upon Each Lot. —Where a deed provided that not more than one building could be erected upon the lot conveyed, two residence buildings could not be erected on the lot without violating the restriction.

SHACKELFORD MILLER and H. H. NETTLEROTH for appellant.

LAWRENCE S. LEOPOLD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

In May, 1919, the appellees, Kohlers, and the appellant, Struck, entered into a written contract by which, for a valuable consideration, the Kohlers agreed to convey to Struck lots No. 9 and 10 in block 2, Baringer Land Company, subdivision in Louisville, Ky.

It was stipulated in the writing that these lots should be "free from any restriction or condition which would prevent the erection or interfere with the use after erection of an apartment house, for residence purposes, of six or more stories, and containing forty or more apartments, to extend across both of said lots and onto lot No. 11." In attempted compliance with this contract, the Kohlers tendered to Struck a deed that contained this restriction:

"That not more than one building, other than outhouses, shall be erected upon either one of said lots, and that any improvements which may be erected upon said lots, or either of them, shall be used for residence purposes only, shall cost not less than $6,000.00, and shall set back from the street according to building lines as indicated by the dotted lines on said plat, and no improvement, other than outhouses, to be less than two full stories in height, unless of the bungalow type.

"All outhouses upon either one of the lots to be under one roof on the rear of the lot and no wooden fences shall be built nearer the front of either lot than the rear of the residence.

"Said lots shall never be used or rented or occupied by persons of African descent."

This restriction was inserted because it was a condition in each of the two deeds by which the Baringer Land Company had conveyed the two lots to the Kohlers.

Struck refused to accept the deed with this restriction, and thereupon the Kohlers brought this suit against him, asking a specific performance of the contract. Their petition, after setting out the foregoing facts, further averred that Struck—who, it appears, owned lot No. 11 in this subdivision, that adjoined lot No. 10 contracted to be conveyed by the Kohlers—desired to purchase these two lots "for the purpose of erecting upon said lots and upon lot No. 11 a large apartment house for residence purposes, of six or more stories, and containing forty or more flats." It was further averred that the building restriction in the tendered deed, and in the

deed made by the Baringer Land Company, did not "forbid the erection of an apartment house which will extend across both of said lots and onto lot No. 11 in block 2 in said subdivision; that said restrictions in each of said deeds were intended to prevent, and will prevent, the erection of more than one building or residence upon either of said lots; but that said restrictions do not forbid the erection of one residence or of one apartment house for residence purposes upon two lots or upon three lots; also that the restrictions upon the use and occupation of said property contained in the deeds of conveyance unto M. S. Kohler by the Baringer Land Company do not conflict with the covenant as to the use and improvement of said property contained in the deed executed by these plaintiffs unto said defendant; that these plaintiffs have the full right and power to convey said two lots free of any restriction or condition which will prevent the erection by second party or his assigns, or interfere with the use after erection, of an apartment house for residence purposes, of six or more stories and containing forty or more flats to extend across both of said lots and onto lot No. 11."

Struck demurred generally to the petition on the ground that it showed on its face that the Kohlers had not tendered to him the kind of deed they agreed to in the contract, but the lower court overruled the demurrer because he was of the opinion "that the aforesaid restrictions contained in said deeds from the Baringer Land Company to the plaintiff, M. S. Kohler, did not forbid, and would not prevent the erection, or interfere with the use after erection, of an apartment house, for residence purposes, of six or more stories, and containing forty or more apartments to extend across both of said lots and onto lot No. 11."

Struck thereupon electing to stand by his demurrer, there was a judgment enforcing the contract and he appeals.

It will be seen from what has been said that the only question in the case is, do the restrictions in the deeds prevent Struck from erecting the apartment house on lots No. 9 and 10 and partly on lot No. 11? If they do, it is conceded the court was in error in adjudging a specific performance. On this appeal, counsel for the Kohlers insist that the opinion of this court in McMurtry v.

Phillips Investment Co., 103 Ky. 308, sustains the correctness of the decision of the lower court, and this makes it important that we should give careful consideration to that opinion.

In that case, an action was brought to restrain the erection of an apartment house in St. James Court in the city of Louisville, and the restricting clause relied on to prevent its erection reads as follows:

"It is a condition of this deed that the property herein conveyed shall be used for residence purposes only, and that, in erecting a residence therein it shall be built of brick or stone and shall cost not less than seven thousand dollars and that in erecting said residence the front wall thereof shall be not less than thirty-five feet back from the sidewalk line of St. James Court."

It further appears from the opinion that the building desired to be erected would cost about $40,000.00, be built of brick and stone, and its front wall set back the distance required by the restrictions; that "there is to be no restaurant of a public nature; there is to be everything in this house to make housekeeping comfortable. Every apartment in the house is to have a parlor and dining room and one or more bed rooms and a kitchen. Every apartment is to have more than one bed room; there is only one four room flat. Provision is made in the house for hot and cold water and all other conveniences. The basement, in which is to be a large dining room, to be used by the occupants of the house if desired, also contains three sets of laundry tubs, that each apartment may have one or more days to use in laundering their linen, or to be used in any way they choose as a laundry is used in a private residence. A part of the basement is to be used for storing the trunks of the parties who may choose to put their trunks out of their apartments. There is to be nothing about it of a cheap or nasty kind. There is but one house in St. James Court, constructed of fine material, and that is the Conrad residence."

The only question in the case was whether the building was to be used for residential purposes within the meaning of the restriction in the deed, and the court, in holding that the restriction did not prevent its erection, said: "As the house in controversy is to be constructed for such purpose only and is not to be used for any other purpose, we do not think its construction is at all pro-

hibited by this restriction clause. If the intention had been to permit the erection of only segregated private residences, the instrument would doubtless have so provided.''

We think the McMurtry case is controlling authority on the question that an apartment home is a ''residence'' within the meaning of the restriction, although as an original proposition, this interpretation would be open to serious objection upon the ground that it violated the intention of the restriction.

Illustrative cases on this subject are: Schadt v. Brill, (1913) 173 Mich 647; 45 L. R. A. (new series) 726; Kiley v. Hall, 96 Ohio State 374, 1917, 1918 B. L. R. A. 96; Bolin v. Tyrol Investment Company, 273 Mo. 257; 1918 C, L. R. A. 869.

Passing this, the other question concerns the right of Struck to erect an apartment house that will cover lots 9 and 10, and a part of lot No. 11. Each of these lots was conveyed, as we have said, by separate deed and each deed contained the restriction that ''any improvements which may be erected on said lot shall consist of only one building which shall be used for residence purposes only.'' If, however, an apartment house is a residence within the meaning of the restriction, we do not think the size of the apartment material. In other words, if a residence in the strict meaning of that word and as distinguished from an apartment house might be erected that would cover lots 9 and 10, and a part of lot 11, it would appear that an apartment house covering these lots might also be erected, so that the inquiry may be confined to the question whether a purchaser of two or more of these lots could erect a private residence that would cover two or more of them.

The limitation in the restriction is that the improvement on each lot shall consist of only one building, and it is clear that two residence buildings could not be erected on each lot without violating the restriction, but we do not think the restriction prohibited the erection of one building for residence purposes that might cover two or more lots. If one residence building, large enough to cover two lots or even three, was erected, it could not be said that there was more than one building on each lot. We think it clear that a purchaser of two or more lots might if he wished put his residence on the center

lot and leave the lots on either side vacant, or that he might build his residence on two of the lots and leave one of them vacant. In other words, the restriction does not impose any limitation on the right of the lot owner as to the size of the residence to be erected, or confine it to a building that could be placed on one lot.

Accordingly, we think the lower court correctly decided that the restriction did not prohibit Struck from erecting the apartment house.

It appears from the record that while this suit between Struck and the Kohlers was pending in the lower court, Frank Brown and C. H. Rae tendered in court a pleading, which they asked should be taken as an answer to the petition of Kohler and as a cross petition against Struck.

In this pleading they set up that they were the owners of lots in the subdivision laid out by the Baringer Land Company, and had purchased lots from the Baringer Land Company that were conveyed to them by deeds containing restrictions such as were found in the deeds made by the land company to Kohler.

They further set up that these restrictions prohibited the erection of an apartment house such as Struck contemplated building, and that they had such an interest in the litigation between Struck and Kohlers as entitled them to intervene and contest the right of Struck to erect the apartment house contemplated.

The lower court refused to permit this intervening petition to be filed, to which ruling Brown and Rae excepted and prayed an appeal to the Court of Appeals, which was granted; but it does not appear from the record in this court that either Brown or Rae have prosecuted or perfected their appeal. The failure to do this, however, is not so material, because we think the conclusion reached on the appeal of Struck is in effect an adjudication of the matter involved in the case adverse to the asserted rights of Brown and Rae.

Wherefore the judgment is affirmed.