IRENE YATES SHAFFER, Appellant, *v.* TEMPLE BETH EMETH OF FLATBUSH, Respondent.

Second Department, November 25, 1921.

Deeds — restrictive covenant — restriction that one house only shall be erected on lot — church built on two adjoining lots not violation — restriction applicable specifically to dwelling does not apply to church — judicial notice that social work is part of work of church.

A restriction in a deed that but one house shall be erected on the lot conveyed and limiting the distance that it may stand from the lot line is not violated by the construction of an addition to a synagogue, which addition is to be built on the lot adjoining that on which the synagogue stands, and is to be used for the social work of the synagogue, since there is no express covenant prohibiting the erection of one building upon two plots, and furthermore, the restriction applicable to a dwelling house is not to be applied to a church.

The court will take judicial notice of the fact that the use of said addition for an assembly room for Sabbath school children, for a gymnasium and for entertainments to raise funds for the support of the synagogue, is a part of the work of a church, and, therefore, said addition was a part of the synagogue and not subject to the restriction.

APPEAL by the plaintiff, Irene Yates Shaffer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of August, 1921, upon the decision of the court, rendered after a trial at the Kings Special Term, dismissing the complaint.

*Robert H. Wilson,* for the appellant.

*Almet F. Jenks* [*Joseph A. Seidman* with him on the brief], for the respondent.

RICH, J.:

On or about November 15, 1899, Dean Alvord, the owner of a tract of land containing about 250 lots in Flatbush, entered into an agreement in writing, providing substantially for the construction of sewers through the premises purchased by him and by one Wilcox, for the general improvement of the plot of land, and for the placing of certain restrictions upon the plots as sold. It appears that Alvord immediately commenced the improvement and development of the property as a high-class and exclusive residential section and in carrying out his development he laid out his streets with parkways in the center of the road and installed sewers, water, gas, electricity and telephone wires all underground, with connections for each lot, paved the streets with asphalt, laid curbs and gutters, together with a cement sidewalk, laid out the center of the streets into lawns and planted flowers, shrubs and ornamental trees in all of the parkways between the sidewalks and curbs.

It seems that on October 2, 1905, Alvord conveyed to Emilie T. Fuchs a plot and building on the east side of East Fifteenth street, four hundred and forty-five feet north of Albemarle road, or about sixty feet north of the property owned by the plaintiff which is situated on the easterly side of Fifteenth street, sixty feet south of this plot. Alvord also conveyed on August 24, 1900, to one Banta, a plot of land on the easterly side of Fifteenth street, adjoining the plot thereafter conveyed to Fuchs, and both plots were subsequently conveyed by Alvord's grantees to the defendant. The defendant has constructed a synagogue upon the Banta plot and now proposes to alter and enlarge the synagogue by extending it on to the plot it later acquired from Fuchs. All of the conveyances from Alvord, including the two plots now owned by defendant, contained among other covenants and restrictions the following:

But one house shall be erected on the premises hereby conveyed.

Nothing but a private dwelling for a single family or a church shall be erected on the property hereby conveyed.

The main north wall exclusive of bays, shall stand five feet from the north line of the plot.

No part of the house (including piazzas and bay windows) to be erected on this plot shall stand nearer than fifteen feet to the building line of East Fifteenth street and no part of said house shall stand nearer than ten feet to the south line of said plot.

The question presented by this appeal is whether the defendant may extend its structure so that it shall stand upon both of its plots without violating the intent of the restrictive covenants. It is proposed that the structure when completed shall compose one entire building erected upon two adjoining plots of land. The plan if carried out will obliterate and destroy the identity of two parcels of land owned by the defendant, as separate parcels. The character of extension which defendant seeks to construct upon the second parcel of land is such as will provide for a large room in the basement containing a platform suitable for religious services, for an assembly room for Sabbath school children, a gymnasium, and for entertainments to raise funds for the support of the synagogue. The learned counsel for plaintiff contends that the proposed addition, disconnected from its present synagogue and standing alone, is not a church, and its erection and construction is a violation of the covenants.

I think we may take judicial notice that the things to be done on the part of the synagogue are all a part of the religious work of a church to-day. There is no express covenant prohibiting the erection of one building upon two plots. I do not think that Mr. Alvord intended by the use of the words, " But one dwelling house shall be erected on the plot hereby conveyed," that one house might not be constructed upon two plots. And I agree with the learned court at Special Term that the restrictions applicable in terms to a dwelling house are not to be applied to a " church," and that the restriction in question refers only to houses of human habitation.

An answer to the contention of appellant that but one

610   EASTERN DISTRICT P. D. W., INC., *v.* TRAVELERS INS. CO.

Second Department, November, 1921.        [Vol. 198

house was to be constructed upon each plot of land is found in Alvord's conveyances of additional land to certain of his grantees.

In *Thompson* v. *Diller* (161 App. Div. 98), a case in which these covenants were before the court, the question presented was whether or not the restriction that the main north wall of the house should stand five feet from the north line meant *not less* than five feet. It was held that the scheme of the Alvord development required that the house stand on the five-foot line, and restrained the defendant from violating it. The question presented in the instant case is entirely different. The defendant's proposed extension is to be constructed fifteen feet from the lot line on Fifteenth street; and an open space of ten feet will be left between this extension and the adjoining lot line, and it follows that the judgment must be affirmed.

Present — BLACKMAR, P. J., RICH, PUTNAM, KELLY and MANNING, JJ.

Judgment unanimously affirmed, with costs.