DAVID C. REED et al., respondents-complainants,

*v.*

SOLOMAN DOCTERMAN et al., appellants-defendants.

[Argued June 22d, 1923.  Decided November 19th, 1923.]

D. and wife are the owners of a tract of land at the southeast corner of Atlantic avenue and Stenton place, in Atlantic City, upon which there is erected a dwelling-house. This tract is a part of a restricted area. The original plan of the entire restricted tract plotted the lots on said corner as fronting on Atlantic avenue. Lots fronting on Atlantic avenue were not restricted to the erection of dwelling-houses. Among the restrictions affecting Atlantic avenue lots was one to the effect that the dividing lines of said lots were not to be changed. An agreement was subsequently entered into by the interested owners by which the restrictions as to dividing lines was voided. It was further provided in said agreement that no dwelling-house should be erected on the lots now owned by D. and wife nearer

than seventeen feet to Stenton place. D. and wife proposed to change the said dwelling-house by an addition on the Atlantic avenue side of said premises, to be used as a store, with an entrance on Atlantic avenue. A preliminary injunction was allowed which restrained them from erecting any addition to be used as a store. *Held*, (1) That said agreement voided the restriction that the dividing lines on Atlantic avenue should not be changed and did not impose on the lots of D. and wife a restriction that they were to be used only for the erection of a dwelling-house; and (2) that the order allowing a preliminary injunction should be reversed.

On appeal from the court of chancery.

*Messrs. Bourgeois & Coulomb,* for the defendants-appellants.

*Messrs. Cole & Cole,* for the complainants-respondents (*Mr. John B. Slack,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J

This is an appeal from an order of the court of chancery allowing a preliminary injunction.

The appellants are the owners of the property located at the southeast corner of Atlantic avenue and Stenton place, in the city of Atlantic City. The lots comprising the appellants' property are part of a tract of land formerly owned by Frederick Hemsley. This tract was, pursuant to a general plan, laid out by Mr. Hemsley into blocks and lots. From the plan, which was filed in the Atlantic county clerk's office, lots were sold subject to carefully prepared building restrictions and covenants which were inserted in all deeds made by Mr. Hemsley to purchasers. The first four paragraphs of these restrictive covenants relate to the location of the buildings upon the lots, the erection of bay windows, the fronting of the buildings upon the streets, &c.

The fifth paragraph and the portions of the sixth paragraph pertinent to the present case are as follows:

16

"5. None of the foregoing restrictions are to apply to any lots on Atlantic avenue, or side or cross avenues, northwardly therefrom (corner lots on Atlantic avenue considered as being on Atlantic avenue) ; except, that dividing lines of the lots lying on Atlantic avenue, or between Atlantic and Arctic avenues, as laid on said maps, shall not be changed.  *

"6.  *  *  *  Warehouses, storehouses, carpenter or paint shops, stores or buildings, for general merchandise business, or other like buildings or uses are prohibited ; except on lots fronting on Atlantic avenue and on lots lying northwardly of the northerly line of Atlantic avenue."

The plan numbers of the appellants' lots were 2804, 2806 and 2808. These lots, as originally laid out, fronted on Atlantic avenue. Together, they had a frontage on Atlantic avenue of seventy-two and five-tenths feet and a depth of one hundred feet. Soon after the appellants' lots and the other lots at the corners of Atlantic avenue and Stenton place were sold it became apparent that the Stenton place corners would be improved if the lots fronting on Atlantic avenue could be considered as lots fronting on Stenton place. The restrictions, however, provided "that dividing lines of the lots lying on Atlantic avenue  *  *  *  shall not be changed." To void this restriction it was necessary for the owners of the lots in the restricted area to make an agreement which would release the owners of the Stenton place corners from the operation of this restriction. On March 12th, 1900, such an agreement was entered into by Mr. Hemsley and all the others interested with one exception, and was duly received in the Atlantic county clerk's office on September 13th, 1900, and recorded. This agreement recites the restrictive provision of paragraph 5 regarding the dividing lines of Atlantic avenue lots not being changed and its application to certain lots, including the lots 2804, 2806 and 2808. The agreement also recites that it has been agreed that the lines dividing said lots should not be unalterably fixed but that the purchasers thereof should have the right to build a building covering more than one of said lots. The agreement then releases the right to the enforcement of the restriction that the dividing line of the lots lying on Atlantic avenue shall

not be changed, and gives to the owners of the lots mentioned the right to use one or more of said lots together for building purposes without regard to the intervening lines as laid out on the plan. The agreement further provides that no dwelling-house shall be erected on the lots lying on the southerly side of Atlantic avenue, the main body of which shall be nearer than seventeen feet from the property line of Stenton place, south of its intersection with the southerly line of Atlantic avenue. This proviso applies to the lots of the appellants.

On the appellants' plot, which is fifty feet on Stenton place and extends back therefrom seventy-two and five-tenths feet, of which the northerly line is the southerly line of Atlantic avenue, there was erected a dwelling-house seventeen feet back from the property line of Stenton place. This house faces the west. On the Atlantic avenue side there is a porch eight feet in width and a two-story bay window extending to the line of Atlantic avenue. The appellants made known their intention of removing the porch and building an addition to the building in its place, to be used as a store with the store entrance on Atlantic avenue. The addition to be erected is to extend no farther westwardly than the westerly line of the present building. The respondents, upon being apprised of this proposed change in said building, filed a bill in the court of chancery to enjoin the proposed change in the building. Upon the presentation of the bill an order to show cause was allowed. The case was subsequently heard upon the bill and affidavits and answering affidavits. The learned vice-chancellor before whom the case was argued filed his conclusions allowing the order granting a preliminary injunction. It is this order from which an appeal has been taken. The order provides that the injunction shall restrain the appellants from "erecting, constructing, altering or completing any new or old building, or any part thereof, or addition thereto, or improvement upon or in any building at the southeast corner of Stenton place and Atlantic avenues, in the city of Atlantic, which shall be nearer

than seventeen feet to the property line of Stenton place, which shall be used for any other purpose than a dwelling-house, which shall change the intervening lines between the lots as established by the original Hemsley restrictions, which shall have a porch higher than six feet above the established grade, which shall result in more than one dwelling upon the said lot or which shall contemplate the facing of stores on the Atlantic avenue side of said lot."

The decision below appears to have been rested upon the theory that the appellants' use of their property was restricted to a dwelling-house and that evidence of the erection of buildings other than dwelling-houses on two other corners of Stenton place and Atlantic avenue was not sufficient to justify the court in holding that there had been an abandonment of the general restrictive plan for the erection of dwelling houses only on the corner lots on Atlantic avenue and Stenton place. This view we think rests upon a false premise. The original restrictions did not prevent the building of a store upon the lots now owned by the appellants. The fifth paragraph of the restrictions to which attention has been called expressly exempted the appellants' lots from all of the restrictions contained in the four preceding paragraphs which included the restriction that private dwellings only should be built upon the premises. The sixth paragraph, whch prohibited among other things stores or buildings for general merchandise business expressly excepted the lots fronting on Atlantic avenue. Thus prior to the making of the agreement of March 12th, 1900, stores for business purposes could be erected on the Atlantic avenue lots. The agreement of March 12th, 1900, did not change this situation. It merely voided the restriction which prohibited the changing of the dividing lines of the lots lying on Atlantic avenue and imposed the building restriction on the corner lots on the southerly side of Atlantic avenue that no building should be built nearer to Stenton place than seventeen feet, which could have been done prior to the execution of the agreement. The agreement makes no reference to the erection only of dwelling-houses on the

lots in question in consideration of the voiding of the restriction as to the dividing lines of the lots. Such a provision cannot be read into the agreement or implied from anything therein contained. The appellants' lots being free from any restriction against building stores thereon prior to the making of the agreement remained so after the agreement was made. The respondents call attention to a proviso in the agreement of March 12th, 1900, reading as follows: "Provided, however, that nothing herein shall empower any purchaser of said lots to lay out any lot or lots that shall have its front or width facing on said Atlantic avenue less than that laid out on the map or plan of lots duly filed in the Atlantic county clerk's office as aforesaid," and claim that this clause will be violated by the proposed store. We are not told in the respondents' argument in what way the proposed building will violate this provision and we cannot see the applicability of the proviso above quoted to the present case. The construction herein given of the purposes and provisions of the agreement of March 12th, 1900, leads us to the conclusion that the court of chancery erred in allowing the order for a preliminary injunction. The order for the issuance of the preliminary injunction is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—10.