Civil action to enjoin the erection of an apartment-house on defendant's lot as being in violation of restrictive covenants contained in deeds conveying said property. *Page 306 
The material allegations of the complaint, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:
1. In 1922 the Charlotte Construction Company divided a tract of land in Mecklenburg County into lots and blocks of various sizes, with a view to selling same for residential purposes, prepared and recorded a map, or plat, showing the general plan or scheme, and sold many of said lots, including the one now owned by the defendant, with certain restrictive covenants relative to their use and occupancy, chief among which is the following:
"The lot of land hereby conveyed shall be used for residential purposes only, and not otherwise, and shall be owned, occupied and used by members of the white race (domestic servants in the employ of said occupants excepted), and there shall not at any one time be more than one residence or dwelling-house on said lot (servants' houses excepted)."
2. These restrictions were inserted in the deeds conveying the lots, shown upon the map, as covenants running with the land.
3. The plaintiff is the owner of a lot of land situate in the same subdivision and in the neighborhood of the defendant's property.
4. Upon the sale of the lot now owned by the defendant, the Charlotte Construction Company conveyed other property in the same neighborhood in such manner as to permit the erection of apartment-houses thereon, for which reason, or for some reason unknown to the plaintiff, the defendant is now attempting to construct on the land owned by him "an apartment-house of several stories in height to be occupied by a great number of families."
5. The erection of such apartment-house, it is alleged, will result in irreparable injury to plaintiff's property; wherefore he asks that its construction be enjoined.
A demurrer was interposed by the defendant upon the ground that the complaint does not state facts sufficient to constitute a cause of action, either against the defendant, or in favor of the plaintiff.
From a judgment sustaining the demurrer the plaintiff appeals, assigning error.
after stating the case: The appeal presents the single question as to whether a building restriction in a deed which provides that the lot of land thereby conveyed "shall be used for residential purposes only . . . and there shall not, at any one time, be more than one residence or dwelling-house on said lot (servants' houses excepted)," *Page 307 
would be violated by erecting on said premises "an apartment-house of several stories in height to be occupied by a great number of families." We think not.
It was held in Construction Co. v. Cobb, 195 N.C. 690, 143 S.E. 522, that this covenant was not so restrictive as to prohibit the erection of an apartment-house, when used for residential purposes only, hence, upon authority of the Cobb case, the ruling of the trial court must be upheld.
Affirmed.