W. C. CHAMBERS AND WIFE, MILDRED BARNES CHAMBERS, W. J. TILLEY AND WIFE, AILENE BROWN TILLEY, RONALD WILKINSON AND WIFE, MARGARET RHODES WILKINSON, T. L. KANOY AND WIFE, CORA WELLS KANOY, ROY L. LATHAM, W. E. BUTNER AND WIFE, KATHRYN S. BUTNER, NELIA NEWSOME BUTNER, A. E. SPILLMAN AND WIFE, BERTIE KETNER SPILLMAN, v. J. McRAE DALTON, ROBERT I. DALTON AND WIFE, EDITH GOSSETT DALTON, AND J. H. GWYN, SR., J. H. GWYN, JR., ALLEN GWYN, TRADING AS GWYN MOTOR SALES.

(Filed 12 June, 1953.)

**Deeds § 16b: Pleadings § 19b—**

Demurrer for misjoinder of parties and causes is properly sustained in an action for breach of restrictive covenants instituted by separate groups of owners of lots in a subdivision against the owner of another lot therein.

APPEAL by plaintiffs from Godwin, Special Judge, January Term, 1953, FORSYTH. Affirmed.

There are seven groups of plaintiffs. Each group owns a lot in a subdivision allegedly developed according to a uniform plan for residences only. Each group alleges that it has been damaged by the breach of the restrictive covenants which formed a part of the uniform plan of development. Defendants filed two demurrers: In the first they demur for that the complaint fails to state a cause of action; and in the second, for that

there is a misjoinder of parties and causes of action. The court below sustained both demurrers, and plaintiffs appealed.

*Hayes, Hatfield & McClain for plaintiff appellants.*
*Ratcliff, Vaughn, Hudson, Ferrell & Carter for defendant appellees.*

PER CURIAM. The judgment entered is somewhat novel in that it is decreed that the complaint fails to state a cause of action and at the same time it is adjudged that there is a misjoinder of parties and causes. *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295. Be that as it may, the judgment entered must be affirmed. The several causes of action the plaintiffs seek to state are separate and distinct. The only relation of the one to the others is that they are all of the same nature and assert the same general type of grievance. *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Burleson v. Burleson,* 217 N.C. 336, 7 S.E. 2d 706. No one cause affects all the parties to the action. *Lucas v. Bank,* 206 N.C. 909, 174 S.E. 301. No one group has any interest in the claims asserted by the others. Therefore, if any cause of action is stated, there is clearly a misjoinder of parties and causes.

The judgment entered in the court below is
Affirmed.