P. M. SCOTT, W. H. PERKINS and OCEAN FOREST, INC., a corpora-
tion of South Carolina, on behalf of themselves and all other
owners of lots, except the Eastern Carolina Yacht Club, in the
subdivision known as MILES AWAY located near New Bern, North
Carolina, who may agree to join in and become parties to this
action, v. BOARD OF MISSIONS NORTH CAROLINA ANNUAL
CONFERENCE, Southeastern Jurisdiction of the Methodist Church,
Incorporated, a North Carolina corporation, and ROBERT McLEAN
BOYD, CHARLES T. BARKER and RALPH T. MORRIS, Trustees
of the Garber Methodist Church.

(Filed 27 April, 1960.)

**1. Deeds § 19—**

A restriction that not more than one dwelling should be constructed
on any lot in a subdivision is not a restriction limiting the use of the
property to residential purposes or prohibiting the building of a struc-
ture on more than one lot, and therefore the building of a church on
three lots is not a violation of the restriction.

**2. Same—**

Covenants restricting the use of property impose servitudes in de-
rogation of the usual right to the free and unfettered use of land by the
owner, and such covenants are to be strictly construed and may not
be enlarged by inference, implication or strained construction.

**3. Same—**

A covenant restricting the placing of a structure nearer than fifteen
feet from the sidelines of a lot relates, in an instance where several
lots are owned by one person, to the outside lines, and does not pro-
hibit such owner from placing a single structure on several lots when
the structure is not nearer than fifteen feet from the outside lines.

APPEAL by plaintiffs from *Paul, J.,* February Term, 1960, of CRAVEN.

The plaintiffs herein are owners of lots in a subdivision known as
Miles Away, a plat of which is recorded in the office of the Register
of Deeds in Craven County, North Carolina.

Plaintiff Ocean Forest, Inc. developed and subdivided the real
estate involved into lots. The plaintiff corporation still owns one
lot. Defendants obtained lots Nos. 11, 12 and 13 in the subdivision
by *mesne* conveyances. The deeds to all the lots in the subdivision,
with the exception of two conveyed to the Eastern Carolina Yacht
Club, contain the following restrictive language: "SUBJECT TO THE
FOLLOWING RESTRICTIONS AND COVENANTS and a viola-
tion of the same shall entitle any other owner or owners of lots in
said Subdivision to maintain an action for the enforcement of said
restrictions, namely:

"1. There shall not be constructed on said lot more than one (1)

dwelling house, but this restriction shall not be interpreted to prevent the construction of quarters for domestic servants actually employed by the owner or occupant of said lot in any building such as a garage or other outbuilding.

"2. No building shall be constructed nearer than fifteen (15') feet from the side lines of said lot, nor nearer than twenty-five (25) feet from the line of the river shore."

Plaintiffs, Ocean Forest, Inc. and other lots owners similarly situated, bring this action to enjoin the defendants from constructing a church on their lots, which plans contemplate a building essentially in a "U" shape, covering portions of all three lots owned by the defendant Board of Missions.

The court below held the construction of a church as contemplated would not be in violation of said restrictions and entered judgment accordingly. The plaintiffs appeal, assigning error.

*R. E. Whitehurst, David S. Henderson for plaintiffs.*
*A. D. Ward for defendants.*

DENNY, J. It is clear that the owners of lots in the subdivision under consideration may not build more than one residence on each lot owned, but there is no restriction limiting the use of the property for residential purposes only, or prohibiting the building of a residence or other building on more than one lot.

In the case of *Construction Co. v. Cobb*, 195 N.C. 690, 143 S.E. 522, the question for decision was whether a building restriction providing that the lot of land thereby conveyed "shall be used for residential purposes only * * * and there shall not at any time be more than one residence or dwelling house on said lot (servants' house excepted)," is violated by the erection on said premises of an apartment house containing four apartments, each designed for a family or family group. This Court upheld the ruling of the court below, to the effect the restriction did not prohibit the erection of the proposed apartment house. *Stacy, C. J.,* speaking for the Court, said: "If the parties wanted to prohibit the building of an apartment house on the defendant's lot, they could easily have said so in language importing such intent.

"It is the position of a number of courts that, in the absence of clear and unequivocal expressions, restrictive covenants ought not to be expanded, but rather buckled in against those claiming their benefit and in favor of free and unrestricted use of property. 27 R.C.L., 756, *et seq.* 'It is a well settled rule that, in construing deeds and in-

struments containing restrictions and prohibitions as to the use of property conveyed, all doubts should be resolved in favor of the free use thereof for lawful purposes in the hands of the owners of the fee.' *Hunt v. Held*, 90 Ohio St., 280, 107 N.E. 765, L.R.A. 1915 D, 543."

It was likewise said in *Hege v. Sellers*, 241 N.C. 240, 84 S.E. 2d 892, "Restrictive covenants are not favored. As was said by this Court in *Callaham v. Arenson*, 239 N.C. 619, 80 S.E. 2d 619, 624, 'Further, it is to be noted that we adhere to the rule that since these restrictive servitudes are in derogation of the free and unfettered use of land, covenants and agreements imposing them are to be strictly construed against limitation on use. *Craven County v. First-Citizens Bank & Trust Co.*, 237 N.C. 502, 75 S.E. 2d 620.' The courts are not inclined to put restrictions in deeds where the parties left them out."

In *Turner v. Glenn*, 220 N.C. 620, 18 S.E. 2d 197, this Court said: "Restrictive covenants cannot be established by parol evidence or otherwise save by a recordable instrument containing adequate words so unequivocally evincing the party's intention to limit the free use of the land that its ascertainment is not dependent on inference, implication or doubtful construction. Thompson, Real Property, Vol. 7, p. 64; *Holliday v. Spahr*, 282 Ky. 45, 89 S.W. 2d 327."

It is also said in 26 C.J.S., Deeds, section 164 (3), page 1115, "A provision as to the character and location of dwellings which may be erected on the premises has been held not in itself to constitute a restriction of the premises to residential use, * * *" citing *Sporn v. Overholt*, 175 Kan. 197, 262 P. 2d 828; *Holliday v. Spahr*, 262 Ky. 45, 89 S.W. 2d 327; *Reed v. Docterman*, 95 N.J. Eq. 240, 122 A. 745, s.c. 97 N.J. Eq. 544, 128 A. 921.

In the case of *Holliday v. Spahr, supra*, the development consisted of more than 500 acres of land, and the deeds contained the following: "No dwelling house shall be built in any part of said addition, when laid off into streets, lots and alleys, closer than 25 feet to the pavement line, and no residence shall be built on Boone Avenue or Belmont Street, which is now known as the Colbyville Pike, costing less than * * * $3,500.00 * * *." The development was advertised in the papers as an exclusive residential area. The Court said: "The essence of the restrictions is, if the owner erects a residence thereon, the same shall cost not less than the sum designated in the deed, and no nearer the street fronting the same than the distance fixed in it. At most, such are no more than limited 'building restrictions,' and not a limitation on the free use of the land."

Furthermore, we hold that the restriction, "No building shall be

constructed nearer than fifteen (15') feet from the side lines of said lot * * *" is applicable only to the outside lines of the lots involved. 36 A.L.R. 2d, Anno. — Covenants — Building Side Lines, 871; *Goldstick v. Thomas,* 237 Mich. 236, 211 N.W. 666; *Shaffer v. Temple Beth Emeth,* 198 App. Div. 607, 190 N.Y.S. 841; *Busch v. Johnstone,* 107 Fla. 631, 145 So. 872; *Struck v. Kohler,* 187 Ky. 517, 219 S.W. 435.

In *Struck v. Kohler, supra,* the Court said: "The limitation in the restriction is that the improvement on each lot shall consist of only one building and it is clear that two residence buildings could not be erected on each lot without violating the restriction; but we do not think the restriction prohibited the erection of one building for residence purposes that might cover two or more lots. If one residence building, large enough to cover two lots, or even three, was erected, it could not be said that there was more than one building on each lot. We think it is clear that a purchaser of two or more lots might, if he wishes, put his residence on the center lot and leave the lots on either side vacant, or that he might build his residence on two of the lots and leave one of them vacant. In other words, the restriction does not impose any limitation on the right of the lot owner as to the size of the residence to be erected, or confine it to a building that could be placed on one lot."

The judgment of the court below is

Affirmed.