114 S.E.2d 74 (1960)
252 N.C. 443
P. M. SCOTT, W. H. Perkins and Ocean Forest, Inc., a corporation of South Carolina, on behalf of themselves and all other owners of lots, except the Eastern Carolina Yacht Club, in the subdivision known as Miles Away located near New Bern, North Carolina, who may agree to join in and become parties to this action,
v.
BOARD OF MISSIONS NORTH CAROLINA ANNUAL CONFERENCE, SOUTHEASTERN JURISDICTION OF THE METHODIST CHURCH, INCORPORATED, a North Carolina corporation, and Robert McLean Boyd, Charles T. Barker and Ralph T. Morris, Trustees of the Garber Methodist Church.
No. 107.
Supreme Court of North Carolina.
April 27, 1960.
*75 R. E. Whitehurst, David S. Henderson, New Bern, for plaintiffs.
A. D. Ward, New Bern, for defendants.
DENNY, Justice.
It is clear that the owners of lots in the subdivision under consideration may not build more than one residence on each lot owned, but there is no restriction limiting the use of the property for residential purposes only, or prohibiting the building of a residence or other building on more than one lot.
In the case of Charlotte Consol. Construction Co. v. Cobb, 195 N.C. 690, 143 S.E. 522, 523, the question for decision was whether a building restriction providing that the lot of land thereby conveyed "shall be used for residential purposes only * * * and there shall not at any time be more than one residence or dwelling house on said lot (servants' house excepted)," is violated by the erection on said premises of an apartment house containing four apartments, each designed for a family or family group. This Court upheld the ruling of the court below, to the effect the restriction did not prohibit the erection of the proposed apartment house. Stacy, C. J., speaking for the Court, said: "If the parties had wished to prohibit the building of an apartment house on the defendant's lot, they could easily have said so in language clearly importing such intent.
"It is the position of a number of courts that, in the absence of clear and unequivocal expressions, restrictive covenants ought not to be expanded, but rather buckled in against those claiming their benefit and in favor of free and unrestricted use of property. 27 R.C.L., 756, et seq. `It is a wellsettled rule that in construing deeds and instruments containing restrictions and prohibitions as to the use of property conveyed all doubts should be resolved in favor of the free use thereof for lawful purposes in the hands of the owners of the fee.' Hunt v. Held, 90 Ohio St. 280, 107 N.E. 765, L.R.A. 1915D, 543."
It was likewise said in Hege v. Sellers, 241 N.C. 240, 84 S.E.2d 892, 898, "Restrictive covenants are not favored. As was said by this Court in Callaham v. Arenson, 239 N.C. 619, 80 S.E.2d 619, 624, `Further, it is to be noted that we adhere to the rule that since these restrictive servitudes are in derogation of the free and unfettered use of land, covenants and agreements imposing them are to be strictly construed against limitation on use. Craven County v. First-Citizens Bank & Trust Co., 237 N.C. 502, 75 S.E.2d 620.' The courts are not inclined to put restrictions in deeds where the parties left them out."
In Turner v. Glenn, 220 N.C. 620, 18 S.E. 2d 197, 201, this Court said: "Restrictive covenants cannot be established by parol evidence or otherwise save by a recordable instrument containing adequate words so unequivocally evincing the party's intention to limit the free use of the land that its ascertainment is not dependent on inference, implication or doubtful construction. Thompson, Real Property, Vol. 7, p. 64; Holliday v. Sphar, 262 Ky. 45, 89 S. W.2d 327."
It is also said in 26 C.J.S. Deeds § 164 (3), p. 1115, "A provision as to the character and location of dwellings which may be erected on the premises has been held not in itself to constitute a restriction of *76 the premises to residential use, * * *" citing Sporn v. Overholt, 175 Kan. 197, 262 P.2d 828; Holliday v. Sphar, 262 Ky. 45, 89 S.W.2d 327; Reed v. Docterman, 95 N.J.Eq. 240, 122 A. 745; Id., 97 N.J.Eq. 544, 128 A. 921.
In the case of Holliday v. Sphar, supra [262 Ky. 45, 89 S.W.2d 328], the development consisted of more than 500 acres of land, and the deeds contained the following: "No dwelling house shall be built in any part of said addition, when laid off into streets, lots and alleys, closer than 25 feet to the pavement line, and no residence shall be built on Boone avenue or Belmont street, which is now know as the Colbyville Pike, costing less than * * * $3,500.00 * * *." The development was advertised in the papers as an exclusive residential area. The Court said: "The essence of the restrictions is, if the owner erects a residence thereon, the same shall cost not less than the sum designated in the deed, and not nearer the street fronting the same than the distance fixed in it. At most, such are no more than limited `building restrictions,' and not a limitation on the free use of the land."
Furthermore, we hold that the restriction, "No building shall be constructed nearer than fifteen (15') feet from the side lines of said lot * * *" is applicable only to the outside lines of the lots involved. 36 A.L.R.2d Annotation:CovenantsBuilding Side Lines, 871; Goldstick v. Thomas, 237 Mich. 236, 211 N.W. 666; Shaffer v. Temple Beth Emeth, 198 App.Div. 607, 190 N.Y.S. 841; Busch v. Johnston, 107 Fla. 631, 145 So. 872; Struck v. Kohler, 187 Ky. 517, 219 S.W. 435, 437.
In Struck v. Kohler, supra, the Court said: "The limitation in the restriction is that the improvement on each lot shall consist of only one building, and it is clear that two residence buildings could not be erected on each lot without violating the restriction; but we do not think the restriction prohibited the erection of one building for residence purposes that might cover two or more lots. If one residence building, large enough to cover two lots, or even three was erected, it could not be said that there was more than one building on each lot. We think it clear that a purchaser of two or more lots might, if he wished, put his residence on the center lot and leave the lots on either side vacant, or that he might build his residence on two of the lots and leave one of them vacant. In other words, the restriction does not impose any limitation on the right of the lot owner as to the size of the residence to be erected, or confine it to a building that could be placed on one lot."
The judgment of the court below is
Affirmed.