BENJAMIN HUBERT LEWIS, JR., AND WIFE, MARY E. LEWIS; JOSEPH E. BROWN AND WIFE, BETSY O. BROWN; J. BARRY SHANNON AND WIFE, ANNA RAY SHANNON; ROY E. HAIRR AND WIFE, ADELA R. HAIRR; GORDON H. FARRELL AND WIFE, SARAH HERRING FARRELL; DONALD R. BLALOCK AND WIFE, ELIZABETH R. BLALOCK; PAUL O. TREADWELL AND WIFE, CONSTANCE M. TREADWELL; FRANK PARKER MEACHAM AND WIFE, ELOISE C. MEACHAM; JERRY L. BROWN AND WIFE, NORA ANN BROWN v. CHARLES A. WIGGS AND WIFE, MARILYN WIGGS.

No. 698SC63

(Filed 18 June 1969)

1. Deeds § 20— restrictive covenants — demurrer — misjoinder of parties and causes

Demurrer for misjoinder of parties and causes is properly overruled in action by subdivision landowners to obtain a permanent injunction forbidding defendant landowners in the same subdivision from operating a beauty shop on their subdivision property in violation of restrictive covenants.

2. Parties § 2— parties plaintiff

All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs. G.S. 1-68.

3. Deeds § 19— restrictive covenants — construction in favor of use

In construing restrictive covenants all doubts should be resolved in favor of the free use of land.

4. Deeds § 20— restrictive covenants — subdivision — beauty shop

Restrictive covenant providing that "no business establishment of any kind shall be erected or permitted on any lot of this subdivision" is not unclear or vague, and the operation of a beauty shop is within the prohibition of the covenant.

5. Deeds § 20— restrictive covenants — subdivision — waiver and estoppel

In an action by subdivision landowners to obtain a permanent injunction forbidding defendant landowners in the same subdivision from operating a beauty shop in violation of a restrictive covenant, the evidence is insufficient to support a finding that the restriction has been waived or the right to enforce it lost by estoppel because of acquiescence by the plaintiff landowners in permitting similar type home occupations to be carried out in the subdivision, there only being evidence that (1) an insurance salesman had a filing cabinet and desk in his home but that it was infrequent that a prospect came to his house to discuss insurance, (2) a housewife sold decorative candles which she made in her home and another housewife sold cakes, and (3) one woman ran a "Welcoming Service" for merchants but did not transact any business at her home other than occasional typing and using the phone.

6. Deeds § 20— restrictive covenant — invalidation — change of character in neighborhood

In order to invalidate a restrictive covenant it must be shown that a

change in the character of the neighborhood which was intended to be created by the restriction has come about and that it is no longer possible to accomplish the purpose intended by such covenant.

APPEAL by defendants from PARKER, J., 26 August 1968 Civil Session, Superior Court of WAYNE.

Plaintiffs bring this action to enjoin permanently the defendants from operating a beauty shop business in their home. Plaintiffs are owners of land within the Ridgecrest Subdivision, Wayne County. On 22 December 1965 defendants purchased eight lots in the Ridgecrest Subdivision, and, like plaintiffs' lots, defendants' lots are subject to the following restriction: "No business establishment of any kind shall be erected or permitted on any lot of this subdivision with the exception of Lots 1, 50, 73, 74, 113, 114, 145 and 146." Defendants demurred to the plaintiffs' complaint on the ground that there was a misjoinder of causes and parties. This demurrer was overruled on 2 May 1968 by Judge Fountain and the temporary restraining order previously issued was continued until final hearing. Defendants answered admitting that the conveyance to them of certain lots in the Ridgecrest Subdivision on which they were constructing their home was subject to restrictions of record.

As a first further answer and defense the defendants alleged that the Board of Adjustment granted defendants a special permit to operate a beauty shop in their home upon a finding that this would be a customary home occupation incidental to the occupancy of the home and a permissive use under the zoning ordinances of the City of Goldsboro. As a second further answer and defense the defendants alleged that for several years there have existed and continued to exist several types of home businesses in the Ridgecrest Subdivision such as dressmaking and alterations, baking and cake decorating, home decorations, cabinet making and printing and rubber stamp manufacturing; that these home occupations are similar to the beauty shop business which defendants propose to operate; that the restrictive covenants applicable to this subdivision do not prohibit such home occupations; and that if they are in violation of the restrictive covenants the failure of plaintiffs to object to similar type home occupations constitutes an estoppel of their right to enjoin and prevent the defendants from the operation of their home occupation.

To the defendants' first further answer and defense the plaintiffs demurred; and to defendants' second further answer and defense plaintiffs entered a motion to make more definite and certain. Plaintiffs' demurrer and motion were allowed by Judge Fountain on 27 May 1968.

The matter was heard without jury and upon stipulations and evidence presented by the parties. The following facts were stipulated by the parties:

That the plaintiffs are property owners in Ridgecrest Subdivision, New Hope Township, Wayne County; that at the time each of the plaintiffs acquired title to the property owned by them there was of record and is still of record a list of restrictive covenants imposed by the developers of said subdivision which contain the following: "No business establishment of any kind shall be erected or permitted on any lot of this subdivision with the exception of Lots 1, 50, 73, 74, 113, 114, 145 and 146." That on 22 December 1965 the defendants purchased eight lots in the subdivision; that the deed by which the defendants acquired title specifically states that the conveyance of the lots was "subject to restrictions of record"; that in December 1967 the defendants entered into a contract for the construction of a new residence; that in order to comply with the zoning ordinances of the City of Goldsboro a special use permit to operate a one-chair beauty shop was obtained by defendants with certain conditions attached; and that the Board of Adjustment expressly noted that the deed restrictions urged by other property owners in opposition to the defendants' application were a matter for the court and not the Board of Adjustment to decide.

Upon these stipulations and evidence presented, the trial court made the following findings of fact and conclusions:

"1.   The Court adopts as findings of fact by the Court for the purpose of determining this cause all those facts stipulated by the parties in paragraphs one through seven of the written stipulation signed by the attorneys of record for both the plaintiffs and the defendants.

2.   The Court finds as a fact that at the time of the institution of this action by the plaintiffs that both the lands of the plaintiffs and the defendants were subject to the provisions of the restrictive covenants as set out in paragraphs two and three of the aforesaid stipulation.

3.   The Court finds as a fact that the operation by the defendants of a one-chair beauty shop in their residence in Ridgecrest Subdivision, pursuant to a special use permit issued by the Board of Adjustment of the City of Goldsboro, is in direct contravention of item three of the aforesaid restrictive covenants.

4.   The Court finds as a fact that since the original development of Ridgecrest Subdivision and particularly since the re-

strictive covenants as stipulated by the parties were filed of record, there has been no change or alteration in the nature and character of Ridgecrest Subdivision as a residential neighborhood.

5. The Court finds as a fact that the restrictive covenants as stipulated by the parties hereto and particularly Number three thereof are of substantial and significant value to the plaintiffs from the standpoint of maintaining the value of their residential property.

6. The Court finds as a fact that the restrictive covenants as stipulated by the parties and particularly Number three thereof are presently of substantial value to the parties plaintiff from the standpoint of the use and enjoyment of their property as residential property.

7. The Court finds as a fact that at the time each of the parties plaintiff acquired title to their respective lands in Ridgecrest Subdivision they were substantially influenced in the purchase of said property by the assurance contained in the restrictive covenants to which the parties have stipulated that the residential nature of the Subdivision would be preserved and protected from the intrusion of business activity therein.

8. That the evidence presented by the defendants as to other alleged business establishments or activities in Ridgecrest Subdivision reveals only minor, occasional and trivial activities which do not constitute a breach of Item three of the restrictive covenants, and the Court finds as a fact from the evidence presented in this hearing that such alleged business activity in Ridgecrest Subdivision does not in any way limit the rights of the plaintiffs in this action to enforce the restrictive covenants against the defendants by injunctive relief.

9. The Court finds that none of the plaintiffs have by waiver, laches, estoppel, acquiescence or in any other manner lost the right to enforce the restrictive covenants herein stipulated by injunctive relief.

10. The Court finds as a fact that the plaintiffs have no adequate remedy at law for the violation of the restrictive covenants by the defendants as herein set out and that they are entitled to a permanent injunction against the defendants for the enforcement of the restrictive covenants herein stipulated and particularly Number three thereof.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

a. That the defendants Charles A. Wiggs and wife, Marilyn Wiggs, are hereby permanently restrained and enjoined from operating a one-chair beauty shop or any other type of beauty shop or other business activity of any kind on their residential property in Ridgecrest Subdivision.

b. That the written undertaking filed in this action by the plaintiffs conditioned upon indemnifying the defendants in the event the relief herein granted were denied, are hereby discharged.

c. This judgment is signed out of term by consent of the parties hereto as evidenced by the written consent of their respective attorneys appended hereto."

Defendants appealed.

*Herbert B. Hulse and George F. Taylor for plaintiff appellees.*

*Taylor, Allen, Warren & Kerr by John H. Kerr, III, for defendant appellants.*

MORRIS, J.

**[1, 2]** Defendants except to the overruling of their demurrer. They argue, on the authority of *Chambers v. Dalton*, 238 N.C. 142, 76 S.E. 2d 162, that there is a misjoinder of causes and parties. This assignment of error cannot be sustained. In *Chambers v. Dalton, supra,* several parties joined as plaintiffs and each sought to recover damages for injuries to their land caused by a breach of a restrictive covenant by the defendants. The Court correctly held that the several causes of action stated by the plaintiffs were separate and distinct, and that no one cause affected all parties. In the present case there is but one cause of action stated — that is to obtain a permanent injunction forbidding defendants to operate a business establishment on their property in Ridgecrest Subdivision so long as the restrictive covenants remain in force. Each of the plaintiffs being landowners in the subdivision, each is affected by this cause of action. "By statute all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs . . ." 1 McIntosh, N. C. Practice 2d § 642. See G.S. 1-68. See *Conrad v. Land Co.*, 126 N.C. 776, 36 S.E. 282; and *Johnston v. Garrett*, 190 N.C. 835, 130 S.E. 835; for cases in which several landowners joined in an action to enjoin permanently the violations of certain covenants.

**[3, 4]** We think the stipulations and evidence fully support the

findings of fact made by the trial court and these findings fully support the judgment. It is true that in construing restrictive covenants all doubts should be resolved in favor of the free use of land. *Construction Company v. Cobb*, 195 N.C. 690, 143 S.E. 522. However, we do not feel that this restriction is unclear or vague. It prohibits the creation of a business establishment. The operation of a beauty shop is within this prohibition.

[5]   We do not agree that this restriction has been waived or released or the right to enforce it lost by estoppel because of acquiescence by the landowners in the subdivision in permitting similar type home occupations to be carried out. Charles Shumate, an insurance salesman, testified that he had a filing cabinet and desk in his home, but that it was infrequent that a prospect would come to his house to discuss insurance. He did not advertise in the telephone book that he had an office in the Ridgecrest Subdivision. Two witnesses testified that they had purchased cakes from a Mrs. Smyk who lives in the subdivision, but that to their knowledge she did not have extra plumbing or wiring in her home. Edmund Brown, the owner of Brown Rubber Stamp Works, testified that the mailing address for his business was Ridgecrest Drive. However, he stated that his equipment for this business was in his print shop and that the telephone number on his invoice was the number of the shop. Dorothy M. Hussey testified that she sells decorative candles which she makes in her home. James Head testified that he had an office in his home with a desk and filing cabinet. However, he stated that he only used this office for night work and that he had a business office not in the subdivision. Eloise Meacham testified that she ran a "Welcoming Service". She would call upon newcomers at their homes and give certificates from various merchants. She was paid by the merchants for this service; however, none of the merchants ever came to her home. Other than occasional typing and using the phone she did not transact any business at her home.

[6]   We need not decide whether by these actions the various property owners in the subdivision have violated the restriction now in question. It is sufficient to say that the evidence does not show a change in the character of this neighborhood sufficient to invalidate the restrictive covenant. In order to invalidate a restrictive covenant it must be shown that a change in the character of the neighborhood which was intended to be created by the restriction has come about and that "it is no longer possible to accomplish the purpose intended by such covenant, . . . and, owing to the changed conditions, the enforcement of the covenant would be of no benefit to the party seeking an injunction, but, on the other hand, would re-

sult in an increased value of his premises by a departure from the restrictions, or where enforcement would be inequitable." *Muilenburg v. Blevins*, 242 N.C. 271, 87 S.E. 2d 493. Also, see *Tull v. Doctors Building, Inc.*, 255 N.C. 23, 120 S.E. 2d 817.

Finding of fact No. 4, to which defendants have abandoned their exception, provides ". . . there has been no change or alteration in the nature and character of Ridgecrest Subdivision as a residential neighborhood."

Neither do we think that the alleged violations of this restrictive covenant by landowners within the subdivision other than the defendants make it inequitable to enforce this restriction. In the judgment below we find

No error.

MALLARD, C.J., and CAMPBELL, J., concur.